In the

# United States Court of Appeals
### For the Seventh Circuit

No. 06-1415

ZURICH AMERICAN INSURANCE COMPANY,

*Plaintiff-Appellee,*

*v.*

WATTS INDUSTRIES, INCORPORATED,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 7673—**Elaine E. Bucklo**, *Judge.*

ARGUED SEPTEMBER 15, 2006—DECIDED OCTOBER 20, 2006

Before FLAUM, *Chief Judge*, and KANNE, and SYKES, *Circuit Judges*.

KANNE, *Circuit Judge*. In a previous decision, we remanded this case to the district court "for clarification as to which deductible agreements are subject to the arbitration between Zurich and Watts." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 691 (7th Cir. 2005). On remand, the district court found that there "are disputes under all six deductible agreements. Arbitration may proceed under all six deductible agreements and the arbitrator may determine the effect of the California [state] court's prior judgment on the parties' claims." *Zurich Am. Ins. Co. v.*

*Watts Indus., Inc.*, 415 F. Supp. 2d 887, 891 (N.D. Ill. 2006). Watts argues in its present appeal that arbitration can proceed on only two of the six one-year deductible agreements because the preclusive effect of the underlying California state court's judgment limits the parties' dispute to those two years. We reject Watts' argument and affirm the district court.

## I.  HISTORY[1]

Watts is a manufacturer of valves and other waterworks parts used in municipal water systems. Watts entered into six one-year insurance contracts with Zurich. These six one-year contracts covered Watts during the period of June 30, 1991 through June 30, 1997. The insurance contracts were supported by six deductible agreements. The deductible agreements contained arbitration clauses while the underlying insurance contracts did not.

In 1997 and 1998, Watts and the James Jones Company were sued for fraud by third party municipalities in the California state courts. Jones, a California company, had been a wholly owned subsidiary of Watts from 1987 through September 1996. The third party municipalities claimed injuries allegedly caused by substandard parts sold by Watts and Jones. In 2001, Watts sought to invoke the insurance contracts with Zurich in light of the municipalities' lawsuits. Zurich refused Watts's claims and in turn Watts brought suit against Zurich in the California state courts alleging breach of contract and bad faith. Zurich responded with a demand for arbitration under the deduct-

---

[1]  The factual history in this case is set forth in greater detail in *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682 (7th Cir. 2005), and *Zurich Am. Ins. Co. v. Superior Court for the State of California*, 326 F.3d 816 (7th Cir. 2003).

ible agreements against both Watts and Jones. Watts and Jones refused to proceed to arbitration and Zurich brought the present case in the Northern District of Illinois seeking to compel arbitration. Zurich also sought an injunction from the district court to stay the underlying California state court proceeding between itself and Watts. The district court granted a preliminary injunction staying a portion of the California state court proceeding between Zurich and Watts, *Zurich Am. Ins. Co. v. Superior Court for the State of California*, 205 F. Supp. 2d 964 (N.D. Ill. 2002), but we reversed the district court's issuance of the preliminary injunction. *Zurich Am. Ins. Co. v. Superior Court for the State of California*, 326 F.3d 816 (7th Cir. 2003).

Parallel litigation ensued with the California state court continuing its consideration of Watts's breach of contract and bad faith claims against Zurich and the district court considering Zurich's claim against Watts and Jones to compel arbitration. The California state court concluded that Zurich had breached its duties under the 1994-1995 and 1995-1996 insurance contracts and that decision became final in 2004. *Watts Indus., Inc. v. Zurich Am. Ins. Co.*, 18 Cal. Rptr. 3d 61 (Cal. Ct. App. 2004). As for the arbitration issue, we affirmed the district court's decision that Zurich could not compel Jones to proceed to arbitration but that Zurich could compel Watts to proceed to arbitration. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687-88 (7th Cir. 2005). However, we noted that Zurich and Watts disagreed over which of the six one-year deductible agreements were subject to arbitration. Watts argued that arbitration could only be ordered under the 1994-1995 and 1995-1996 deductible agreements while Zurich countered that arbitration could proceed under each of the six one-year agreements. As the district court had not made a finding on this issue, we remanded the case to the district court to identify which of the six one-year deductible agreements were subject to arbitration between Zurich and

Watts. On remand, the district court agreed with Zurich holding that all six one-year deductible agreements are subject to arbitration and the effect of the California state court judgment was an issue reserved for the arbitrator.

## II. ANALYSIS

"We review a district court's decision, under the Federal Arbitration Act ("FAA"), to compel parties to arbitrate their disputes de novo [and] finding of facts for clear error." *James v. McDonald's Corp.*, 417 F.3d 672, 676 (7th Cir. 2005) (citing *Fyrnetics (Hong Kong) Ltd. v. Quantum Group, Inc.*, 293 F.3d 1023, 1027 (7th Cir. 2002)). The FAA is Congress's manifestation of a national policy favoring arbitration and results in the placement of arbitration agreements on equal footing with all other contracts. *Buckeye Check Cashing, Inc. v. Cardegna*, 126 S. Ct. 1204, 1207 (2006) (citing 9 U.S.C. § 2). "Arbitration agreements [are] enforceable to the same extent as other contracts, so courts must enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Hasbro, Inc. v. Catalyst USA, Inc.*, 367 F.3d 689, 692 (7th Cir. 2004) (quoting *Volt Info. Scis., Inc. v. Stanford Univ.*, 489 U.S. 468, 478 (1989); *Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co.*, 307 F.3d 617, 620 (7th Cir. 2002) (internal quotations omitted)).

"Whether or not [a] company [is] bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the court on the basis of the contract entered into by the parties." *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986); *see, e.g.*, *Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 730 (7th Cir. 2005) ("Whether the parties have agreed to arbitrate is a question normally answered by the court rather than by an arbitrator. The issue is governed by state law principles governing contract formation.") (citing *First Options of Chicago, Inc.*

*v. Kaplan*, 514 U.S. 938, 944 (1995); *Reliance Ins. Co. v. Raybestos Prods. Co.*, 382 F.3d 676, 678-79 (7th Cir. 2004)). To compel arbitration, a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 690 (7th Cir. 2005) (citing *Kiefer Speciality Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999)).

Both parties recognize that there is an otherwise valid arbitration agreement within each of the six one-year deductible agreements, that each arbitration clause broadly covers all disputes arising under each deductible agreement, and that Watts has refused to proceed to arbitration on four of the six one-year deductible agreements. However, Watts argues that the preclusive effect of the California state court's judgment effectively limits the parties' dispute to the 1994-1995 and 1995-1996 periods and therefore, according to Watts, arbitration is only permissible on the corresponding deductible agreements for those two years. Conversely, Zurich, although recognizing the existence of the California state court judgment, argues that determining the preclusive effect of the California state court judgment is an issue for the arbitrator, not the court. Zurich's position is that the parties' dispute covers all six one-year deductible agreements and this dispute is sufficient to require arbitration under all six one-year deductible agreements. Thus, the dispute between Zurich and Watts centers on whether the district court properly left the issue of the preclusive effect of the California state court judgment to the arbitrator. We conclude that the district court properly left this issue to the arbitrator.

In determining a request to compel arbitration, the court's duty is to determine whether the parties' grievance belongs in arbitration, not rule on the potential merits of the

underlying dispute between the parties. *AT&T Tech., Inc.*, 475 U.S. at 649. "Procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator to decide. So, too, the presumption is that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (emphasis in original) (internal citations and quotations omitted).

The preclusive effect of the California state court judgment is a matter for the arbitrator to decide because Watts wishes to use the preclusive effect of the California state court judgment as a defense to Zurich's attempt to compel arbitration on all six one-year deductible agreements. The district court was able to determine that there is a dispute between the parties implicating the otherwise valid arbitration agreement contained in each of the six one-year deductible agreements without having to progress to a consideration of the preclusive effect of the California state court judgment. *See Stevens Const. Corp. v. Chicago Reg'l Council of Carpenters*, ___ F.3d ___, No. 05-4468, 2006 WL 2739317, at *4 (7th Cir. Sept. 19, 2006) (holding that it was permissible for the court to look to the merits of the case because the court's consideration of the merits was necessary to determine whether a valid arbitration agreement existed between the parties); *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150, AFL-CIO*, 422 F.3d 522, 528 (7th Cir. 2005) (holding that it was proper for the court to determine whether the arbitration agreement expired in order to determine whether a valid contract requiring arbitration existed between the parties). As such, the district court properly left the issue of the preclusive effect of the California state court judgment to the arbitrator.

### III.  CONCLUSION

The decision of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*