PER CURIAM.
¶ 1 Kurt and Monika Roots filed a third-party complaint against Mark Udvari-Solner seeking relief based on intentional misrepresentation, violation of WIS. STAT. § 100.18 (2015-16),[1] and equitable contribution or indemnification. In support of their claims, the Rootses alleged that Udvari-Solner falsely represented himself to be an architect to induce the Rootses to enter into a Design Consultant Agreement with Udvari-Solner Design Co. for the design of the Rootses' new house. Udvari-Solner moved to compel arbitration pursuant to the arbitration clause in the Agreement. The circuit court denied the motion. This court granted Udvari-Solner's petition for leave to appeal the court's non-final order.
¶ 2 First, we take as admitted Udvari-Solner's argument, supported by legal authorities, that the Rootses' claims alleging fraud in the inducement of the Agreement challenge the validity of the entire Agreement and are therefore subject to the arbitration clause in the Agreement. We deem this argument admitted because the Rootses fail to address it or the cited supporting legal authority in any meaningful way in their response brief. Second, we follow the "rule," fashioned by federal case law and cited by both Udvari-Solner and the Rootses, to the effect that an employee or agent of a company is entitled to invoke a clause requiring arbitration in a contract to which the company is a party even if the employee or agent is not a party to the contract. We follow this rule because it appears to apply here and the Rootses do not develop an argument as to why the rule should not apply. It follows that Udvari-Solner, as an employee or agent of the Design Company, is entitled to arbitration on the Rootses' claims for monetary damages.
¶ 3 Accordingly, we reverse the circuit court's denial of Udvari-Solner's motion to compel arbitration and remand for further proceedings consistent with this opinion.
BACKGROUND
¶ 4 The following facts are taken from the pleadings and are undisputed for purposes of this appeal.[2]
¶ 5 In September 2015 the Rootses entered into a Design Consultant Agreement with Udvari-Solner Design Co., a Wisconsin corporation, for residential design services. Mark Udvari-Solner, an employee of the Design Company, signed the agreement for the corporation. The agreement contains the following arbitration clause:
Disputes between the parties in which the amount in controversy exceeds $5,000.00 (exclusive of costs, fees and interest) shall be resolved through arbitration pursuant to Chapter 788, Wis. Stats., conducted before a single arbitrator, who shall be appointed by the Chief Judge of Dane County Circuit Court and who shall be compensated by the non-prevailing party in the proceeding as determined by the arbitrator.
¶ 6 In December 2015 the Rootses entered into an agreement with Thomas Zimmer Builders, LLC, for the construction of the foundation of the residence. After the foundation was poured, cracks were discovered, and work stopped.
¶ 7 Thomas Zimmer Builders, LLC, sued the Rootses for breach of contract and money damages. The Rootses filed a third-party complaint against Mark Udvari-Solner, asserting claims for intentional misrepresentation, violation of WIS. STAT. § 100.18, and equitable contribution or indemnification. In support of their claims, the Rootses alleged that Udvari-Solner falsely represented himself to be an architect to induce the Rootses to enter into a Design Consultant Agreement with Udvari-Solner Design Co. for the design of the Rootses' new house. The Rootses alleged that the Agreement is unenforceable and void as a result of Udvari-Solner's alleged misrepresentation, and also sought money damages from Udvari-Solner.
¶ 8 Udvari-Solner moved to compel arbitration pursuant to the arbitration clause in the Agreement. The circuit court denied the motion, ruling that the Rootses' claims are not subject to the arbitration clause in the Agreement because the claims concern fraud and misrepresentation by Udvari-Solner as an individual, not performance of the contract by the company. This court granted Udvari-Solner's petition for leave to appeal the court's non-final order.
DISCUSSION
¶ 9 Udvari-Solner argues that: (1) the Rootses' claims alleging fraud in the inducement of the Agreement challenge the validity of the entire Agreement and are therefore subject to the arbitration clause in the Agreement; and (2) he is entitled to invoke the arbitration clause as an employee or agent of the Design Company. As we explain, we accept Udvari-Solner's first argument because the Rootses do not rebut it; and we accept Udvari-Solner's second argument because the Rootses neither contest the validity of the federal rule on which that argument is based nor develop an argument that the rule should not apply here. We first state the pertinent background principles of law and standard of review and then address each argument in turn.[3]
A. Principles of Law and Standard of Review
¶ 10 A motion to compel arbitration "involves issues of contract interpretation and a determination of substantive arbitrability, questions of law we review de novo." Cirilli v. Country Ins. & Fin. Servs. , 2009 WI App 167, ¶ 10, 322 Wis. 2d 238, 776 N.W.2d 272. Wisconsin has a clearly established public policy to enforce arbitration agreements, see id. , ¶ 11, and there is a "strong presumption of arbitrability where the contract in question contains an arbitration clause." Id. , ¶ 14; see also First Weber Grp., Inc. v. Synergy Real Est. Grp., LLC , 2015 WI 34, ¶¶ 24-25, 361 Wis. 2d 496, 860 N.W.2d 498. We may look to federal cases to assist our resolution of a motion to compel arbitration. See Riley v. Extendicare Health Facilities, Inc. , 2013 WI App 9, ¶ 18 n.4, 345 Wis. 2d 804, 826 N.W.2d 398 (2012) (stating that federal case law is persuasive authority in arbitration cases); Wisconsin Auto Title Loans, Inc. v. Jones , 2006 WI 53, ¶ 6, 290 Wis. 2d 514, 714 N.W.2d 155 (following the directive of the United States Supreme Court in addressing a motion to compel arbitration).
B. The Rootses' Claims are Subject to the Arbitration Clause
¶ 11 Udvari-Solner asserts that all of the Rootses' claims are subject to arbitration.[4] Specifically, he contends that, under federal and state case law, the Rootses' claims alleging fraud in the inducement of the Agreement challenge the validity of the entire Agreement and are therefore subject to the arbitration clause in the Agreement, which provides that all disputes over $5,000 are subject to arbitration.
¶ 12 In support of his argument, Udvari-Solner cites three cases: (1) Southland Corp. v. Keating , 465 U.S. 1, 11 (1984) (noting that in Prima Paint Corp. v. Flood & Conklin Mfg. Corp. , 388 U.S. 395, 400 (1967), the Supreme Court held that consideration of a claim of fraud in the inducement of a contract that contains an arbitration clause challenges the contract as a whole and "is for the arbitrators and not for the courts"); (2) Wisconsin Auto Title Loans, Inc. v.Jones , 2006 WI 53, ¶ 6, 290 Wis. 2d 514, 714 N.W.2d 155 (stating that "[t]he United States Supreme Court has made it clear that ... challenges to the validity of a contract as a whole must be made in arbitration" where the contract contains an arbitration clause); and (3) Buckeye Check Cashing, Inc. v. Cardegna , 546 U.S. 440, 444-46, 449 (2006) (stating that, in both state and federal courts, an arbitration clause is severable from the remainder of the contract and that, unless the challenge is to the arbitration clause itself, the issue of the contract's validity, including specifically a claim that the contract was fraudulently induced, "is considered by the arbitrator in the first instance."). Based on this case law, Udvari-Solner argues that, because the Agreement here provides that disputes over $5,000 must go to arbitration, any challenge to the validity of the contract as a whole must also be resolved in arbitration.
¶ 13 The Rootses ignore the cases cited by Udvari-Solner and instead rely on the language of the arbitration clause, arguing that nothing in it can be understood as a manifestation of the Rootses' intent to arbitrate claims based on fraudulent conduct that predated the formation or performance of the contract. However, the authorities that are cited by Udvari-Solner, stated above, and which are neither addressed nor contested by the Rootses, clarify that a claim premised on precontractual conduct is not automatically removed from arbitration. In particular, those authorities provide that a claim premised on misrepresentation in the inducement of a contract containing an arbitration clause is specifically subject to arbitration. Because the Rootses do not rebut those authorities, we take the Rootses to have admitted Udvari-Solner's argument that the Rootses' claims based on fraud in the inducement of the Agreement challenge the validity of the entire Agreement and are, therefore, subject to the arbitration clause in the Agreement. See Fischer v. Wisconsin Patients Comp. Fund , 2002 WI App 192, ¶ 1 n.1, 256 Wis. 2d 848, 650 N.W.2d 75 (argument asserted by the appellant and not disputed by the respondent may be taken as admitted).
C. Udvari-Solner is Entitled to Invoke the Clause Requiring Arbitration
¶ 14 Udvari-Solner argues that he is entitled to invoke the clause in the agreement between the Rootses and the Design Company requiring arbitration. Udvari-Solner asserts this is true because he is an employee or agent of the Design Company. In support of his argument, he cites several cases including the following: CD Partners, LLC v. Grizzle , 424 F.3d 798-99 (8th Cir. 2005) (stating, "[a] nonsignatory can enforce an arbitration clause against a signatory to the agreement ... when 'the relationship between the signatory and nonsignatory defendants is sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided,' " and applying that principle to the nonsignatory agents of a signatory corporation) (quoted source omitted); and Roby v. Corp. of Lloyd's , 996 F.2d 1353, 1360 (2nd Cir. 1993) ("Courts in this and other circuits consistently have held that employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement."). See also Grand Wireless, Inc. v. Verizon Wireless, Inc. , 748 F.3d 1, 11 (1st Cir. 2014) (all of the federal circuits that have addressed the issue "have fashioned, uniformly, a federal rule ... that when 'a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements' " and "that an agent is entitled to the protection of her principal's arbitration clause when the claims against her are based on her conduct as an agent." (quoted source omitted) ).
¶ 15 The Rootses acknowledge the legal rule on which Udvari-Solner relies and, citing one of the cases cited by Udvari-Solner, CD Partners, LLC , 424 F.3d at 799, agree that the rule provides that if a claim against an agent or employee is based on actions of the agent or employee that are within the scope of the agency or employment, then the agent or employee should be permitted to compel arbitration under the contract with the principal or employer. Fatal to their appeal, the Rootses fail to sufficiently develop their three arguments why that rule should not apply here.
¶ 16 First, the Rootses assert that the rule should not apply because their claims are based on Udvari-Solner's alleged misrepresentations made before the signatories signed the Agreement. However, the Rootses do not explain why conduct that occurred before formation of the contract necessarily remains outside the scope of employment or agency. Moreover, their assertion runs counter to the law set forth in the previous section, which provides that claims premised on misrepresentation in the inducement of a contract containing an arbitration clause are subject to arbitration under that clause.
¶ 17 Second, the Rootses assert that Udvari-Solner was not acting within the scope of his employment or agency when he allegedly induced them to enter into the Agreement because there is no "evidence" that he was "authorized ... to misrepresent his ... licensure." However, at the pleadings stage in this case there is no pertinent "evidence" other than the undisputed allegation that Udvari-Solner is an employee of the Design Company. The Rootses provide no legal authority explaining why an employee who allegedly misrepresents his or her licensure is necessarily acting outside the scope of his or her employment or agency for purposes of the law relied on by Udvari-Solner.
¶ 18 Third, the Rootses assert that the purpose behind the rule, preventing a signatory from unilaterally eviscerating an arbitration clause by suing a nonsignatory to the contract containing the clause, would not be undermined in this case because arbitration is proceeding in a parallel case between the Rootses and the Design Company. However, the Rootses neither provide any legal authority supporting such a proposition, nor explain how arbitration of claims by the Design Company as a plaintiff in a different case effectuates arbitration of claims by the Rootses as plaintiffs in this case.
¶ 19 Because the Rootses fail to develop their arguments with any legal reasoning, we do not consider their arguments further. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (appellate courts may decline to consider arguments that are not developed with legal reasoning). Accordingly, we follow the rule fashioned by federal case law as cited by both Udvari-Solner and the Rootses, and we conclude that Udvari-Solner is entitled to invoke the arbitration clause as an employee or agent of the Design Company.
CONCLUSION
¶ 20 For the reasons stated, we reverse the circuit court's denial of Udvari-Solner's motion to compel arbitration and remand for further proceedings consistent with this opinion.
By the Court. -Order reversed and cause remanded.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

On appeal, a party must include appropriate factual references to the record in its briefing. Wis. Stat. Rule 809.19(1)(d)-(e). The vast majority of Udvari-Solner's citations in support of his factual assertions are, instead, to his appendix. The appendix is not the record. United Rentals, Inc. v. City of Madison , 2007 WI App 131, ¶ 1 n.2, 302 Wis. 2d 245, 733 N.W.2d 322. This is no minor matter. An appendix is a helpful tool when panel judges conduct an initial review of the briefs and, therefore, parties typically provide appendix cites, as Udvari-Solner does here. But, when the case is assigned for drafting, we look directly to the record to verify factual assertions in a brief. The absence of record cites forces us to look to the appendix to determine where to look in the record. We warn counsel that future violations of the Rules of Appellate Procedure may result in sanctions. See Wis. Stat. Rule 809.83(2).

Udvari-Solner makes additional arguments as to why he is entitled to arbitration which we do not discuss because the issues we do address are dispositive. See Barrows v. American Family Ins. , 2014 WI App 11, ¶ 9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

Neither Udvari-Solner nor the Rootses distinguish among the Rootses' claims for misrepresentation, violation of Wis. Stat. § 100.18, or indemnification with respect to whether the claims are subject to arbitration. Accordingly, we follow the parties' lead and address Udvari-Solner's argument as encompassing all of the Rootses' claims without distinction.