COURT OF APPEALS
DECISION
DATED AND FILED

January 25, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1261**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV6528

IN COURT OF APPEALS
DISTRICT I

---

JERNEB ACQUISITION CORP. II AND OAK CREEK ENTITIES, LLC,

PLAINTIFFS-APPELLANTS,

V.

PARTNER ASSESSMENT CORPORATION, D/B/A PARTNER ENGINEERING AND SCIENCE, INC.,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM S. POCAN, Judge. *Affirmed*.

Before Donald, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Jerneb Acquisition Corp. II (Jerneb) and Oak Creek Entities, LLC (Oak Creek) appeal the circuit court order that stayed litigation and compelled arbitration of a dispute with Partner Assessment Corporation (Partner). The appellants argue that their claims sound in tort and are not tied to a contract with Partner, and that neither agency, nor corporate affiliation, nor assumption compel arbitration of their claims. We reject their arguments; accordingly, we affirm.

## BACKGROUND

¶2    The following facts are drawn from the complaint and the motions before the circuit court. This case arises out of an engineering assessment that Partner conducted of a commercial shopping center in Oak Creek, Wisconsin (the Property). In July 2015, Time Equities, Inc. (Time Equities) was retained by Jerneb to act as its agent for the potential acquisition of the Property.[1] Time Equities states that Partner is a full-service engineering, environmental, energy, and design consulting firm that works throughout the United States. Jerneb is engaged in the business of purchasing commercial real estate. Oak Creek is the current owner of the Property.

¶3    On August 31, 2015, Jerneb entered into a Purchase and Sale Agreement for the Property. The purchase agreement had a provision allowing Jerneb to "terminate the contract prior to closing" if problems were discovered during due diligence investigations, including Partner's condition reports. As a

---

[1] Jerneb explains that it is a related company created by certain principals of Time Equities. Time Equities is a full-service real estate firm actively involved in the development, conversion, and management of commercial, residential, and industrial properties throughout the United States.

result, Time Equities entered into a contract (the Agreement) with Partner on September 22, 2015, to assess and provide condition reports on the Property. Particularly relevant for this appeal the Agreement contained the following provision:

> This Agreement shall be governed by … the laws of the state of California. Any controversy, claim or action arising out of, or related to, this Agreement, the breach thereof, or the coverage of this arbitration provision shall be settled by arbitration which shall be conducted in the state of California in accordance with the Commercial Arbitration rules of the American Arbitration Association[.]

Pursuant to the Agreement, Partner produced several reports for Time Equities, including a Property Condition Assessment and a Phase I Environmental Site Assessment (collectively, the Reports). Time Entities contends that in the Reports, Partner made a number of false statements of facts about the Property that were not true and concealed the property's true condition.

¶4      At the closing on November 18, 2015, Jerneb assigned its rights and responsibilities to four LLCs,[2] which then took title to the Property as tenants-in-common.[3] Shortly after the LLCs took possession of the Property, substantial

---

[2] The four LLCs were business entities related to Time Equities and were composed of Oak Creek Air Bay LLC, Oak Creek NYF Properties LLC, Oak Creek TEI Equities LLC, and Oak Creek Austell LLC (collectively, the "LLCs").

[3] Jerneb explained in its complaint that as is the custom and practice of Time Equities and its principals, on the closing date, Jerneb assigned its rights and responsibilities under the purchase agreement to the LLCs, who simultaneously closed on the purchase agreement and acquired the Property. The LLCs were funded by Time Equities-related entities to simultaneously close on the purchase agreement and acquire the Property. Thus, on November 18, 2015, the LLCs took title to the Property. Later, on or about June 15, 2018, the LLCs merged and their tenancy-in-common interests in the Property (and other properties) were vested in and with Oak Creek.

settlement and environmental issues were discovered at the site that were not disclosed in the Reports.

¶5       In March 2017, Time Equities initiated arbitration against Partner in California over allegations that the Reports failed to disclose these issues with the Property. Time Equities' Statement of Claims in December 2017 included breach of contract, false promise/promissory fraud, negligent misrepresentation, and professional negligence. In March 2018, Partner moved for summary judgment in the arbitration against Time Equities, arguing that Jerneb and the LLCs were necessary parties to the arbitration because they were the actual purchasers. In April 2018, the arbitration panel denied Partner's motion without prejudice, in part because whether Time Equities "can prove damages associated with the causes of action in the Statement of Claims or the joinder of any necessary parties remain[ed] to be decided."

¶6       Time Equities moved to amend its Statement of Claims, asserting that Time Equities could bring claims for itself and as an agent for Jerneb and the LLCs. After a hearing in July 2018, the arbitration panel denied Time Equities' motion to amend as to Time Equities' standing to bring damages on behalf of Jerneb or the LLCs because under California law, "every action must be brought in the name of the real party in interest." CAL. CIV. PROC. CODE § 367. The panel further concluded that exculpatory clauses limiting exemplary damages and capping aggregate liability at one million dollars in damages were both enforceable, and it granted Time Equities' motion to amend to bring a claim for fraud.

¶7       In August 2019, Jerneb and Oak Creek filed the underlying complaint against Partner, which alleged professional negligence, fraudulent

inducement, and fraud. In May 2020, Partner moved the circuit court to stay the litigation pursuant to WIS. STAT. § 788.02 (2019-20),[4] and compel Jerneb and Oak Creek to arbitrate their claims in California, or in the alternate, dismiss the action for failing to state a claim upon which relief can be granted, pursuant to WIS. STAT. § 802.06(2)(a)6.

¶8 On July 1, 2020, the circuit court held a hearing on Partner's motion, and after oral argument, granted the motion to stay the litigation and compel the parties to arbitrate. The court concluded that Oak Creek was an undisclosed principal to the contract between Time Equities and Partner and that "[e]ven though [Time Equities] was not Oak Creek's agent at the time Jerneb and the other [LLCs] acquired the property, Oak Creek can be bound by the agreement because the [LLCs] merged their interests in the property with Oak Creek." The court rejected Time Equities' analysis of the April and July 2018 arbitration panel orders; Time Equities had claimed to the court that the arbitration panel barred Jerneb and Oak Creek from joining the arbitration. The circuit court found that overall the arbitration panel orders do not state "that the arbitration panel was rejecting plaintiffs from joining the arbitration because they were not signatories to the agreement." The circuit court concluded that if Jerneb and Oak Creek "join the arbitration on their own behalf, they should be able to recover damages for themselves." Finally, the court concluded that the direct benefits estoppel doctrine would apply.

¶9 This appeal follows.

---

[4] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

**DISCUSSION**

¶10    Jerneb and Oak Creek argue that the circuit court erred when it compelled arbitration because they were not bound to the contract, much less its arbitration provision, under contract law principles of agency, corporate affiliation, or assumption/merger. To the contrary, Partner argues that Jerneb and Oak Creek are bound to the arbitration clause in the Agreement under contract law principles including agency and assumption. Further, Partner argues that Jerneb and Oak Creek's claims are arbitrable. On the other hand, Jerneb and Oak Creek assert that, under the law of the case, the circuit court erred to compel arbitration because it was implicit in the arbitration panel decision that Jerneb and Oak Creek cannot join the arbitration. Moreover, because Partner's position to the arbitration panel was that Time Equities could not claim Jerneb and Oak Creek's damages as its agent, they contend that Partner is attempting to take inconsistent positions about agency. Finally, they argue that the direct benefits estoppel doctrine has not been adopted in Wisconsin and that, in any case, the doctrine does not apply.

¶11    The threshold question before us is whether Jerneb and Oak Creek are bound by the arbitration clause in the Agreement between Time Equities and Partner, even though Jerneb and Oak Creek were not signatories to the Agreement. Jerneb and Oak Creek contend that the arbitration clause does not apply to their claims because their claims arise from tort and Partner's general professional duty, and they are not parties to the Agreement. In contrast, Partner argues that Jerneb and Oak Creek are required by contract to arbitrate these claims. We first address whether Jerneb and Oak Creek are bound by the Agreement. We then address whether the arbitration clause applies to their claims.

¶12    The Wisconsin Arbitration Act, chapter 788 of the Wisconsin Statutes, "sets out the parameters for an arbitration proceeding." *Employers Ins. of Wausau v. Jackson*, 190 Wis. 2d 597, 611, 527 N.W.2d 681 (1995). The circuit court plays a limited role with regard to issues concerning arbitration; however, a court "determine[s] in the first instance whether the parties agreed to arbitrate." *Midwest Neurosciences Assocs., LLC v. Great Lakes Neurosurgical Assocs., LLC*, 2018 WI 112, ¶46, 384 Wis. 2d 669, 920 N.W.2d 767. The circuit court stayed litigation and compelled arbitration pursuant to WIS. STAT. § 788.02, which provides that:

> If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

"The application of [WIS. STAT. §] 788.02 [to stay litigation and compel arbitration] to undisputed facts involves a question of law which we review without deference to the trial court." *Meyer v. Classified Ins. Corp. of Wis.*, 179 Wis. 2d 386, 392, 507 N.W.2d 149 (Ct. App. 1993). "[A] petition to compel arbitration involves contract interpretation, which is a question of law that we review de novo." *First Weber Grp., Inc. v. Synergy Real Est. Grp., LLC*, 2015 WI 34, ¶20, 361 Wis. 2d 496, 860 N.W.2d 498.

¶13    We first consider the question of whether or how Jerneb and Oak Creek, as non-signatories to the Agreement, could be bound by the Agreement and thus required to arbitrate their claims. Partner argues that Jerneb and the LLCs are bound by agency principles and that Oak Creek is bound by assumption.

7

"[A]rbitration is a matter of contract and, as such, no party can be required to submit to arbitration any dispute which he or she has not agreed to submit." *Cirilli v. Country Ins. & Fin. Servs.*, 2009 WI App 167, ¶12, 322 Wis. 2d 238, 776 N.W.2d 272.[5]

¶14    We begin with Jerneb and the LLCs.  In their complaint, Jerneb and the LLCs made numerous claims that Time Equities was acting as their agent in the contractual relationship with Partner.[6]  Because they were not named in the

_____

[5] The Supreme Court of the United States held that "a litigant who was not a party to the relevant arbitration agreement may invoke § 3 [of the FAA] if the relevant state contract law allows him to enforce the agreement." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009).  Agency and assumption are among "the list of state law doctrines governing when a non-signatory may be bound to arbitration." *Scheurer v. Fromm Fam. Foods LLC*, 863 F.3d 748, 753 (7th Cir. 2017).

[6] At least five times in the complaint, Jerneb and Oak Creek stated that Time Equities acted as their agent in the Agreement and in the purchase of the Property.

> Partner undertook an assessment of the property and provided a number of reports to its customer, Time Equities, Inc., acting as agent for Plaintiffs.
>
> ….
>
> Jerneb … retained Time Equities, Inc. ("TE") to act as Jerneb's agent for … due diligence relating to the potential acquisition of the Oak Creek Centre[.]
>
> ….
>
> Acting as agent for Jerneb and the LLC's, and as part of its duties in performing due diligence on the Property, TE contacted Partner and requested Partner's services in providing multiple equity-level assessments and surveys of the Property.
>
> ….
>
> Acting as Jerneb's and the LLC's agent, TE subsequently accepted Partner's Proposal[.]
>
> ….

(continued)

Agreement and the record reflects that the Agreement was made for their benefit, Jerneb and the LLCs were undisclosed principals of the Agreement between Partner and Time Equities, their agent. "An undisclosed principal is bound by contracts and conveyances made on his account by an agent acting within his authority." *Bourdo v. Preston*, 259 Wis. 97, 100, 47 N.W.2d 439 (1951) (citation omitted); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 319 (7th Cir. 1998) (explaining that both the agent and an undisclosed principal are bound by a contract). Therefore, we conclude that an agency relationship existed and under contract law, Jerneb and the LLCs, as undisclosed principals, were bound under the Agreement.

¶15     Nevertheless, the LLCs no longer exist. Oak Creek was created by the merger of the LLCs, which were then dissolved after Oak Creek was created and took ownership of the Property. Oak Creek is bound by the Agreement because the LLCs were bound. Oak Creek takes on these obligations because it has assumed the LLCs' obligations by the merger formation. The obligations of a successor company will continue when a transaction constitutes a merger of multiple business entities. *See Sedbrook v. Zimmerman Design Grp., Ltd.*, 190 Wis. 2d 14, 20, 526 N.W.2d 758 (Ct. App. 1994). We accept the characterization provided by Jerneb and Oak Creek in the complaint, where they state that Oak Creek was formed as a result of the merger of the LLCs as follows:

> Oak Creek Entities is the successor by merger of Oak Creek Air Bay LLC, Oak Creek NYF Properties LLC, Oak Creek TEI Equities LLC and Oak Creek Austell LLC. Jerneb assigned its right to purchase the Property to Oak Creek Air Bay LLC, Oak Creek NYF Properties LLC, Oak

---

Partner made these promises intending to induce TE, acting as agent for Plaintiffs, to agree to the Proposal[.]

Creek TEI Equities LLC and Oak Creek Austell LLC, who did so.

Therefore, under Wisconsin law, the merger of the LLCs into Oak Creek establishes that it would assume the same obligations under the Agreement as did the LLCs as undisclosed principals of their agent, Time Equities. Therefore, we conclude that Oak Creek was bound under the Agreement.

¶16 We next turn to the question of whether Jerneb and Oak Creek's claims are arbitrable. The Agreement's arbitration clause states that "[a]ny controversy, claim or action arising out of, or related to, this Agreement, the breach thereof, or the coverage of this arbitration provision shall be settled by arbitration…." Jerneb and Oak Creek contend that their claims do not arise out of the Agreement. They assert that Partner breached its common-law duty of professional care as an engineering firm; that its proposal to Time Equities fraudulently induced Jerneb to enter the purchase agreement, and it made materially false or misleading statements in the Reports. This argument fails.

¶17 Although tort and contract claims are generally separate, "a contract may create the state of things which furnishes the occasion of a tort." *Colton v. Foulkes*, 259 Wis. 142, 146-47, 47 N.W.2d 901 (1951). "[T]here must be a duty existing independently of the performance of the contract for a cause of action in tort to exist." *Landwehr v. Citizens Tr. Co.*, 110 Wis. 2d 716, 723, 329 N.W.2d 411 (1983). That tort liability may arise out of a contractual relationship does not negate that a contractual relationship exists or contract obligations continue. *See id.* at 721-22. Further, the characterization of a claim does not determine its arbitrability, which is instead based "upon the relationship of the claim to the subject matter of the arbitration clause. Were the rule otherwise, a party could frustrate any agreement to arbitrate simply by the manner in which it framed its

10

claims." ***Amoco Transp. Co. v. Bugsier Reederei & Bergungs, A.G.***, 659 F.2d 789, 794 (7th Cir. 1981).

¶18    A party may not avoid a contractual arbitration clause merely by casting its complaint in tort. *See **Fyrnetics (Hong Kong) Ltd. v. Quantum Grp., Inc.***, 293 F.3d 1023, 1030 (7th Cir. 2002).[7]    Where an arbitration clause states that it applies to claims "arising out of" a contract, the clause "reaches all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se." ***Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.***, 1 F.3d 639, 642 (7th Cir. 1993).    The Agreement requires arbitration of any claim "arising out of" the Agreement. Despite Jerneb and Oak Creek's argument that their claims against Partner sound in common-law tort, they have failed to identify a legal duty on Partner's part that was breached independent of the contractual relationship.  Jerneb and Oak Creek's claims arise out of the Agreement because without the Agreement, Partner would not have conducted the assessment and issued the Reports upon which Jerneb and

---

[7] The Seventh Circuit rejected the attempt of a licensee of a carbon monoxide sensor manufacturer to avoid arbitration by casting its complaint in tort.

> [The licensee] seems to imply that because its claims arose exclusively from [the defendant licensor's] allegedly tortious conduct, its claims arise in tort and therefore should not be bound by contract terms.  It is nonsensical for [the licensee] to argue that its claims are not arising "in connection with the license agreement."    The license agreement specifically permitted [licensees] "to make, have made, use, import, export, sell, or offer to sell" products containing [licensor's carbon monoxide] sensor….    The fact that [one appellant] cast its complaint in tort does not allow it to avoid its contractual obligation to arbitrate.

*Fyrnetics (Hong Kong) Ltd. v. Quantum Grp., Inc.*, 293 F.3d 1023, 1030 (7th Cir. 2002).

Oak Creek's claims are based. Therefore, we conclude that these claims are arbitrable.

¶19 Next, we consider Jerneb and Oak Creek's argument that the law of the case doctrine applies to these claims. Generally, "a decision on a legal issue by an appellate court establishes the law of the case, which must be followed in all subsequent proceedings in the trial court or on later appeal." *Univest Corp. v. General Split Corp.*, 148 Wis. 2d 29, 38, 435 N.W.2d 234 (1989). Here, Jerneb and Oak Creek take the same position they took at the circuit court, namely that the arbitration panel refused to allow them to join the arbitration. Our review of the arbitration panel orders and the record shows that the arbitration panel's orders do not establish that Jerneb and Oak Creek would not be allowed to join the arbitration in their own stead. The arbitration panel order from July 2018 stated:

> Time Equities has presented no authority, under facts similar to this case, for the proposition an agent can bring an action on behalf of a principal and recover damages for itself although the damages actually were incurred by the principal. Indeed, in California, every action must be brought in the name of the real party in interest.
>
> ….
>
> In this arbitration, the real parties in interest are the LLCs who claim to be damaged from conduct of Partner. Because the LLCs are the real party in interest, Time Equities may not recover damages on their behalf.

Thus the order only bars Time Entities from attempting to claim Jerneb and Oak Creek's damages—it does not determine any issue about whether Jerneb and Oak Creek could intervene in the arbitration or initiate arbitration on their own behalf. Nothing in the record supports an application of the law of the case doctrine to this decision. *See Schimmels v. Noordover*, 2006 WI App 7, ¶17, 288 Wis. 2d 790, 709 N.W.2d 466.

¶20 Finally, Jerneb and Oak Creek argue that Partner has taken inconsistent positions on agency, with Partner arguing to the arbitration panel that Time Equities does not have standing to bring Jerneb and Oak Creek's damages claims as their agent, while also arguing to the circuit court and this court that agency principles bind Jerneb and Oak Creek to the Agreement. We reject this argument, and we conclude there is no inconsistency. The arbitration panel order clearly stated that California law required a party to bring its own damages claim. Wisconsin law on agency and undisclosed principals establish that Jerneb and Oak Creek (through the LLCs) are bound by the Agreement. *See Indiana Gas Co.*, 141 F.3d at 319. Being bound by the Agreement through agency does not preclude a party from being required to bring its own claims for damages.

## CONCLUSION

¶21 We conclude that Jerneb and Oak Creek's claims are properly subject to arbitration under the terms of the Agreement. We conclude that Jerneb and the LLCs were undisclosed principals of Time Equities and are bound to arbitrate their claims that arose out of the Agreement through the principle of agency. Because Oak Creek is the product of the merger of the LLCs, we conclude that Oak Creek assumed the obligations of the LLCs and is bound to the Agreement and its arbitration clause. We agree with the circuit court that the arbitration panel orders do not bar Jerneb or Oak Creek from joining the arbitration in their individual capacities. We reject Jerneb and Oak Creek's position that the law of the case doctrine directs our decision. Because these conclusions are dispositive to the issue before us, we decline to address the doctrine of direct benefit estoppel. *See Barrows v. American Fam. Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

13

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.