Angela FISCHER, Plaintiff-Appellant,

Kenneth William LEWIS and Kimberly K. Dahl, minors, by Guardian ad Litem, Michael P. Wagner, Plaintiffs,

STATE OF WISCONSIN MEDICAL ASSISTANCE PROGRAM-TITLE 19, Involuntary-Plaintiff,

v.

WISCONSIN PATIENTS COMPENSATION FUND, Thomas V. Rankin, M.D., and the Medical Protective Company, Defendants-Respondents.

Court of Appeals

*No. 02–0029. Submitted on briefs June 10, 2002.—Decided June 25, 2002.*

2002 WI App 192

(Also reported in 650 N.W.2d 75.)

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Timothy J. Aiken* and *James C. Gallanis* of *Aiken & Scoptur, S.C.*, Milwaukee.

On behalf of the defendant-respondent, Wisconsin Patients Compensation Fund, the cause was submitted on the brief of *Mark E. Larson* of *Gutglass, Erickson, Bonville, Seibel & Falkner, S.C.*, Milwaukee.

On behalf of the defendants-respondents, Thomas V. Rankin, M.D. and The Medical Protective Company, the cause was submitted on the brief of *Howard G. McMa-*

*hon* and *William R. Wick* of *Nash, Spindler, Grimstad & McCracken LLP*, Manitowoc.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Angela Fischer appeals a judgment, entered upon a jury's verdict, dismissing her claims against Dr. Thomas Rankin and his insurers. Fischer alleged that Rankin failed to properly obtain Fischer's informed consent prior to performing surgery on her back. Fischer argues that the trial court erred by including a special verdict question inquiring whether Rankin's failure to disclose necessary information about the surgery was a cause of Fischer's injury. In the alternative, Fischer argues that the trial court erred by refusing to change the jury's answer from "No" to "Yes" because there was no credible evidence to sustain the verdict. We disagree and affirm the judgment.[1]

## BACKGROUND

¶ 2. Rankin performed a multi-level fusion on Fischer's back to relieve severe pain in her shoulder and arm. Fischer alleged that Rankin failed to properly obtain Fischer's informed consent before performing the surgery because Rankin failed to inform her of other reasonable alternative surgical and medical methods available. She complained that undergoing the surgery caused her injury because the surgery left a scar, she incurred medical expenses and has a reduced range of motion in her neck.

---

[1] Fischer has not filed a reply brief refuting Rankin's arguments. An argument asserted by a respondent on appeal and not disputed by the appellant in the reply brief is taken as admitted. *Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994).

¶ 3. At trial, Dr. George Cybulski testified as Rankin's expert witness.[2] He stated that Rankin should have provided Fischer the option of a single-level fusion as opposed to a multi-level fusion. However, Cybulski explained that neither surgery would have resolved Fischer's symptoms because "the likely situation with Ms. Fischer's C6 nerve root is that she had compression of her nerve root for such a long time that it is permanently damaged; therefore, no amount of surgery would relieve that condition." Cybulski also stated that this information could not have been discovered before surgery.

¶ 4. The case was submitted to the jury. The jury found that Rankin failed to obtain Fischer's informed consent and that a reasonable person, if properly informed, would have refused to consent to the operation. However, the jury found that Rankin's failure to disclose necessary information about the surgery was not a cause of Fischer's injuries.[3]

---

[2] Cybulski's testimony was his videotaped deposition.

[3] The jury verdict included the following series of questions and answers:

3. Answer Question 3 regardless of your answers to the previous questions: Was the defendant, Thomas V. Rankin, M.D., negligent in failing to properly obtain informed consent from Angela Fischer?

ANSWER: Yes

4. If you have answered Question 3 "Yes", then answer this question: If properly informed, would a reasonable person in Angela Fischer's position have refused to consent to the operation?

ANSWER: Yes

5. If you have answered both Questions 3 and 4 "Yes", then answer this question: Was the failure by Dr. Rankin to disclose necessary information about the surgery a cause of injury to Angela Fischer?

¶ 5. Fischer filed a motion after verdict seeking to strike the jury's answer to Question 5 because it was unnecessary or, alternatively, to change the answer to Question 5 from "No" to "Yes." The trial court denied the motion.

## DISCUSSION

### I. CAUSE QUESTION

██

¶ 6. Fischer argues that the trial court erred by including a special verdict question inquiring whether Rankin's failure to disclose necessary information about the surgery was a cause of Fischer's injury. Fischer contends that a cause question is not needed in an informed consent case that involves "an invasion of the body."[4]

██

¶ 7. "A special verdict must cover material issues of ultimate fact. . . . The form of a special verdict is discretionary with the trial court and this court will not interfere as long as all material issues of fact are covered by appropriate questions." *Meurer v. ITT Gen. Controls*, 90 Wis. 2d 438, 445-46, 280 N.W.2d 156 (1979).

---

ANSWER: No

[4] We note that Fischer has provided this court with only a partial transcript of the underlying proceedings. When an appeal is brought on a partial transcript, our review is necessarily confined to the record before us. *Austin v. Ford Motor Co.*, 86 Wis. 2d 628, 641, 273 N.W.2d 233 (1979). We will assume, in the absence of a transcript, that every fact essential to sustain the trial court's decision is supported by the record. *Id.*

¶ 8. The suggested special verdict for medical informed consent requires the plaintiff to establish that: (1) the patient was not told of risks and alternatives; (2) the patient would have chosen an alternative if he or she had been adequately informed; and (3) the failure to disclose information was a cause of the patient's injuries. *See* Wis JI—Civil 1023.1. The framework for the special verdict is based on *Martin v. Richards*, 192 Wis. 2d 156, 531 N.W.2d 70 (1995). Prior to *Martin*, there was no cause question for informed consent cases.

¶ 9. In *Martin*, the plaintiff ran into the back of a truck while riding her bicycle. She was taken to a hospital with head injuries. The doctor failed to inform the plaintiff's father that a CT scanner was available to diagnose the extent of his daughter's head injuries. Further, the doctor failed to inform the father that if his daughter developed intra-cranial bleeding, there would be a significant delay in the ability to treat her because the hospital did not have a neurosurgeon. *Id.* at 162.

¶ 10. The supreme court addressed whether the jury was required to determine if Richards's negligence in failing to obtain informed consent was a cause of Martin's injuries:

> Having answered in the affirmative the question of whether Mr. Martin would have agreed to the alternate forms of care and treatment had he been informed of their availability, the jury must then be asked, in effect, whether the alternate forms of care and treatment would have made a difference, i.e., whether the same or similar injuries would have resulted even if the injured party availed himself or herself of the alternate treatment.

*Id.* at 182. The court noted that cause was an essential question, although the parties had waived it in that case. *Id.* at 183.

¶ 11. Fischer argues that *Martin* does not apply to cases involving "affirmative violations of bodily integrity." *Id.* at 175. We disagree. *Martin* did not limit application of a cause question to cases where the omission was a failure to advise a patient of alternative diagnostic options. The reasoning in *Martin* is equally appropriate under the present circumstances where Rankin failed to advise of an alternate surgery. As stated in *Martin*, a physician is required to "disclose information necessary for a reasonable person to make an intelligent decision with respect to the choices of treatment or diagnosis." *Id.* at 175. This would include alternative surgeries.

¶ 12. The options in the present case were not simply surgery or no surgery. Fischer had a right to accept an alternative surgical procedure as a treatment option. However, Cybulski testified that both options would have achieved the same result. Therefore, it was necessary for the jury to assess whether Rankin's failure to disclose the single-level fusion caused Fischer's injury.

¶ 13. Fischer argues that cases since *Martin* do not require a separate cause question. Fischer relies on *Johnson v. Kokemoor*, 199 Wis. 2d 615, 545 N.W.2d 495 (1996), and *Schreiber v. Physicians Ins. Co.*, 223 Wis. 2d 417, 588 N.W.2d 26 (1999).

¶ 14. In *Johnson*, a cause question was not at issue in the case and therefore was not addressed by the supreme court. Rather, the court considered whether a doctor had sufficient experience with a difficult aneurysm surgery and whether his lack of experience with that type of surgery should have been communicated to

855

the patient. *Johnson*, 199 Wis. 2d at 623. The court stated that the plaintiff "introduced ample evidence that had a reasonable person in her position been aware of the defendant's relative lack of experience in performing basilar bifurcation aneurysm surgery, that person would not have undergone surgery with him." *Id.* at 641.

¶ 15. *Johnson* dealt with a situation that was an all or nothing proposition. The issue was not between two alternative forms of treatment, but rather whether a reasonable person would have undergone the surgery at all with this particular surgeon. *Id.*

¶ 16. Similarly, in *Schreiber*, a cause question was not at issue. There, the plaintiff had previously delivered two children by cesarean section but elected a vaginal birth for her third child. During labor, she told her doctor that she had changed her mind and wanted a cesarean section. He did not grant her request, and the baby was born a spastic quadriplegic. The parties stipulated that an earlier cesarean delivery would have resulted in the baby being normal. *Schreiber*, 223 Wis. 2d at 423.

¶ 17. The supreme court held that a substantial change in circumstances, be it medical or legal, requires a new informed consent discussion. *Id.* at 437. The court rejected the notion that the onset of a medical procedure forecloses a patient's right to withdraw consent. *Id.* When consent is withdrawn, the physician is obligated to conduct a new informed consent discussion with the patient. *Id.* The court affirmed a subjective standard:

> In this type of informed consent case where the issue is not whether she was given the pertinent information so that her choice was informed, but rather whether she

was given an opportunity to make a choice after having all of the pertinent information, the cause question is transformed into, "What did the patient himself or herself want?"

*Id.* at 436. Because causation was stipulated, whether there was a casual link between the plaintiff's claims based on the lack of informed consent and her injuries was never addressed.

¶ 18. We conclude that the trial court properly exercised its discretion by including a special verdict question inquiring whether Rankin's failure to disclose necessary information was a cause of Fischer's injury.

## II. SUFFICIENCY OF THE EVIDENCE

¶ 19. Fischer argues that the trial court erred by not changing the jury's answer to Question 5 on the special verdict from "No" to "Yes." Fischer contends there was no credible evidence to sustain the verdict. She again argues that, in informed consent cases, causation is established as a matter of law if the jury finds that there was a failure to obtain informed consent and a reasonable person would have declined the surgery.

¶ 20. In considering a motion to change the jury's answer, a trial court must view the evidence in the light most favorable to the verdict and sustain the verdict if it is supported by any credible evidence. *Nelson v. Travelers Ins. Co.*, 80 Wis. 2d 272, 282–83, 259 N.W.2d 48 (1977). The court is not justified in changing the jury's answers if there is any credible evidence to support the verdict. *Bennett v. Larsen Co.*, 118 Wis. 2d 681, 705–06, 348 N.W.2d 540 (1984). The court is guided

■■■■■■■■■■■■■■■■■■■■■

by the proposition that "[t]he credibility of witnesses and the weight given to their testimony are matters left to the jury's judgment, and where more than one inference can be drawn from the evidence," the court must accept the inference drawn by the jury. *Id.* at 706. We are guided by these same rules. *Nelson*, 80 Wis. 2d at 282.

■■■■

¶ 21. The standard of review in this case is even more stringent because the trial court approved the jury's verdict. We afford special deference to a jury determination when the court approves the jury's findings. *Kuklinski v. Rodriguez*, 203 Wis. 2d 324, 331, 552 N.W.2d 869 (Ct. App. 1996). We will not overturn the jury's verdict unless "there is such a complete failure of proof that the verdict must be based on speculation." *Coryell v. Conn*, 88 Wis. 2d 310, 315, 276 N.W.2d 723 (1979).

¶ 22. Here, Cybulski testified that neither the single-level fusion surgery nor the multi-level fusion surgery would have resolved Fischer's symptoms because the nerve was permanently damaged. In other words, both surgeries would have produced the same result. Cybulski also testified that this information could not be discovered before surgery. Therefore, based on this testimony, it was reasonable for the jury to conclude that Rankin's failure to disclose necessary information about the surgery was not a cause of Fischer's injury.

*By the Court.*—Judgment affirmed.