FITZPATRICK, J.[1]
¶ 1 Ronnie Cecil Peebles was convicted of battery in the Waushara County Circuit Court. Peebles argues that the circuit court erroneously exercised its discretion in denying his request for a continuance of the jury trial. Peebles' argument is rejected because the circuit court properly exercised its discretion in denying the request for the continuance, and Peebles has not shown that he was prejudiced in any way by the circuit court's denial of his request. Accordingly, I affirm the decision of the circuit court.
BACKGROUND
¶ 2 Peebles was charged with misdemeanor battery, in violation of WIS. STAT. § 940.19(1), and disorderly conduct, in violation of WIS. STAT. § 947.01(1). The case was scheduled for a jury trial to be held on September 29, 2017. That morning, Peebles appeared at the Waushara County Courthouse but told his attorney that he was feeling ill and did not want to proceed with the trial that day.
¶ 3 Peebles' attorney informed the circuit court of Peebles' claim of illness and requested a continuance of the trial for that reason. The State objected to Peebles' request because, among other reasons, several of the State's witnesses (including the victim) were already at the courthouse for the trial and had taken time off from work to attend the trial. According to the State, if the continuance was granted, those persons would be required to attend the trial on another date and would miss yet more work.
¶ 4 The circuit court found that the case had been pending a relatively lengthy amount of time, potential members of the jury panel were assembled and waiting to be called into the courtroom (and, if the trial was continued, those persons would be sent home and other potential jurors would need to appear on another date for the continued trial), there was no "objective affirmation" of Peebles' claimed illness, Peebles was able to make it to the courthouse in spite of his purported illness, and a continuance would unfairly inconvenience the witnesses, including the victim. For those reasons, the request for a continuance was denied.
¶ 5 A few moments later, Peebles entered the courtroom, stayed in the courtroom throughout the trial, and later in the trial testified in his defense.
¶ 6 The jury convicted Peebles of battery, but Peebles was found not guilty of disorderly conduct. Peebles now appeals.
DISCUSSION
¶ 7 Peebles argues that the circuit court erroneously exercised its discretion in denying his request for a continuance. I reject Peebles' contention because the circuit court properly exercised its discretion in denying the request for a continuance, and Peebles has failed to show that he was prejudiced in any way by the denial of his request for a continuance.
¶ 8 Peebles agrees that this court's standard of review concerning the denial of a request for a continuance is whether the circuit court erroneously exercised its discretion. See State v. Wollman , 86 Wis. 2d 459, 468, 273 N.W.2d 225 (1979).
¶ 9 Peebles' argument falls flat, first, because the circuit court properly exercised its discretion in denying the last-minute request for a continuance. The circuit court appropriately balanced various pertinent factors, which I have already mentioned, "in light of all the circumstances that appear of record." Id. Peebles' argument amounts to nothing more than he wanted a different result on the continuance request, and Peebles does not, in any coherent way, explain how the circuit court's decision was an improper exercise of discretion.
¶ 10 Second, as noted by the State, Peebles has not shown that he was in any way prejudiced by the court's denial of his request for a continuance. See id. at 469. Within a few moments after the court denied the request for a continuance, Peebles entered the courtroom. Peebles testified during the trial and, according to the record, was able to take part in the proceedings without any problem. In effect, Peebles' argument on appeal is that he "generally feels aggrieved" by the failure to grant his last-minute request for a continuance. That may be true, but it is beside the point. The record is devoid of any basis to conclude that Peebles was prejudiced by the circuit court's denial of his request for a continuance.[2]
CONCLUSION
¶ 11 For those reasons, I affirm the circuit court's denial of Peebles' request for a continuance of the trial.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(c) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

In addition to those reasons, Peebles could not be bothered to file a reply brief in this court. In doing so, the State's arguments have been admitted by Peebles. Fischer v. Wisconsin Patients Comp. Fund , 2002 WI App 192, ¶ 1 n.1, 256 Wis. 2d 848, 650 N.W.2d 75.