KLOPPENBURG, J.[1]
¶ 1 Orchard Estates, LLC brought an eviction action against Randal Meyer. Meyer filed a counterclaim, alleging that the eviction was retaliatory. The circuit court entered a judgment of eviction and dismissed Meyer's counterclaim. Meyer appeals the court's dismissal of his counterclaim, arguing that the court failed to follow the procedure outlined in WIS. STAT. § 799.209(1) when it curtailed his argument concerning retaliatory eviction at the eviction hearing. For the reasons set forth below, I affirm.
BACKGROUND
¶ 2 Meyer moved into an apartment owned by Orchard Estates, LLC in 2016. The lease term expired on November 30, 2017. On December 7, 2017, Orchard Estates provided Meyer with notice of nonrenewal of his lease, directing him to vacate the premises on or before 11:00 A.M. on January 24, 2018. Meyer did not vacate the premises as of that date, and Orchard Estates commenced an eviction action on January 25, 2018.
¶ 3 Meyer contested the eviction and brought a counterclaim alleging "retaliatory conduct," "retaliatory eviction," and "landlord retaliation." Meyer alleged that Orchard Estates retaliated against him after he "attempted to exercise his legal tenant rights" under WIS. STAT. § 704.07(2), and that Orchard Estates engaged in retaliatory conduct prohibited under WIS. STAT. § 704.45(1) and WIS. ADMIN. CODE § ATCP 134.09(5) (Jan. 2018).
¶ 4 An eviction hearing took place in the circuit court on February 5, 2018. At the hearing, the court heard testimony from Meyer and from Doug Nelson, the Orchard Estates property manager. Meyer testified about several incidents that he claimed established Orchard Estates' failure to meet its obligation to repair the premises under WIS. STAT. § 704.07(2). Specifically, Meyer testified that management had failed to fix or replace his garage door opener, that management had refused to label his outside door buzzer, and that management had not addressed his concerns regarding a trip hazard in the common hallway. Meyer also suggested that the nonrenewal was in retaliation for an incident in which he had placed furniture by the apartment dumpster. Nelson testified and submitted exhibits relating to communications between Meyer and Orchard Estates and to the matters testified to by Meyer. Meyer disputed several of Nelson's factual assertions concerning particular incidents. The court then curtailed Meyer's response because it determined that "even if [it] accept[ed] everything [Meyer] said, ... [he] ha[d not] established ... any history of retaliation." The court entered a judgment of eviction and dismissed Meyer's counterclaim. This appeal follows.
DISCUSSION
¶ 5 Meyer's appeal concerns only the dismissal of the counterclaim. Meyer's perfunctory brief-in-chief states the following:
1. Defendant was not allowed any time to review the plaintiff's exhibits before plaintiff testified about them....
2. Defendant was not allowed to finish cross examining the plaintiff's testimony. Defendant was cut off by judge....
3. Defendant was not allowed to question the plaintiff. Defendant asked judge, but was not granted this legal right....
4. Defendant was not allowed to present his case on the counterclaim of retaliation by the plaintiff....
¶ 6 All of these assertions, Meyer appears to suggest, indicate that the circuit court failed to follow the proper procedure for small-claims hearings set forth in WIS. STAT. § 799.209(1).
¶ 7 I affirm for two reasons. First, Meyer's brief is undeveloped. Meyer sets forth certain complaints concerning actions taken by the circuit court, but does not explain why those actions violated the statutory procedure or develop any argument as to why a court should rule in his favor. Instead, in four conclusory sentences (which make up the entirety of Meyer's argument), Meyer asserts only that "I know that the decision [of the court] was wrong"; that the court "made errors in law and procedure"; that the court "did not follow Wisconsin Statute 799.209(1) Procedure"; and that the court did not allow Meyer "to present arguments and examine the witness Doug Nelson."
¶ 8 This court need not consider arguments that are unsupported by adequate legal citations or are otherwise undeveloped. State v. Pettit , 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). While some allowances are made for the failings of parties who, as here, are not represented by counsel, the court "cannot serve as both advocate and judge," id . at 647, and will not scour the record to develop viable, fact-supported legal theories on the appellant's behalf. State v. Jackson , 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999). Here, Meyer has failed to develop his arguments legally. Therefore, I affirm the circuit court on that basis.
¶ 9 The second reason to affirm is that Meyer has not filed a reply brief. In its response brief, Orchard Estates argues that the circuit court had the discretionary authority to limit Meyer's testimony and argument. Specifically, Orchard Estates points out that the court had the discretionary authority "to establish the order ... and the procedure to be followed in the presentation of evidence and arguments" under WIS. STAT. § 799.209(4) ; to "exclude irrelevant or repetitious evidence or arguments" under WIS. STAT. § 799.209(2) ; and to refuse to hear evidence when it is not "reasonably required for full and true disclosure of the facts" under WIS. STAT. § 799.209(1). Orchard Estates argues that here, the court allowed Meyer to present his evidence and to respond to Orchard Estates' evidence, and Meyer's further testimony or argument would have been irrelevant because he had not presented any evidence to indicate retaliatory conduct. Orchard Estates argues that the court properly exercised its discretion when it curtailed Meyer's testimony and argument because Meyer had failed to establish facts showing retaliation. Accordingly, Orchard Estates argues that the court properly dismissed Meyer's counterclaim.
¶ 10 Meyer has not filed a reply brief challenging the legal authority and arguments relied upon by Orchard Estates, and those arguments are therefore deemed admitted. Fischer v. Wisconsin Patients Comp. Fund , 2002 WI App 192, ¶ 1 n.1, 256 Wis. 2d 848, 650 N.W.2d 75 ("An argument asserted by a respondent on appeal and not disputed by the appellant in the reply brief is taken as admitted.").
CONCLUSION
¶ 11 For the foregoing reasons, the judgment of the circuit court is affirmed.
By the Court .-Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.