PER CURIAM.
¶1 Kira Foster, a/k/a Kira Hoff, appeals an order compelling specific performance of a land contract. We conclude that Foster has failed to develop any sufficient arguments or to provide an adequate record showing that she is entitled to relief. We therefore affirm.
BACKGROUND
¶2 In a land contract signed by both parties, Bruce Kilmer offered to purchase from Foster "Tax ID #008007270000 10 Acres in the Township of Coon, County of Vernon" for $ 50,000.00. The offer to purchase identified the land as being zoned "Ag per tax bill." The contract further provided that, within thirty days, Foster was to provide a surveyed map and legal description defining the exact property to be sold, which would show a "minimum of 10 acres, maximum of 10 acres."
¶3 Upon obtaining a survey, Foster learned that a field of cropland she had intended to sell constituted only about nine acres of the tax parcel. Foster asserted that she would need to include woodland or landscaped land from her own homestead that was not "agricultural" land and was "not for sale" in order to come up with ten acres. Foster therefore refused to close and instead sought to renegotiate an adjusted price for the reduced acreage of the field. Kilmer then sued for specific performance.
¶4 Following a trial, the circuit court determined that the land contract was for a specific amount of acreage, not a specific map. Accordingly, the court issued an order for specific performance, directing Foster to close on a sale of ten acres of land. Foster appeals.
STANDARD OF REVIEW
¶5 The interpretation of a contract presents a question of law subject to independent appellate review. Tufail v. Midwest Hosp., LLC , 2013 WI 62, ¶22, 348 Wis. 2d 631, 833 N.W.2d 586.
DISCUSSION
¶6 The appellant's brief raises several complaints about the circuit court proceedings in this matter, asserting that the circuit court erred in determining that the land contract was enforceable for an exact amount of acreage including wooded land, and should instead have found the contract unenforceable due to mutual mistake and lack of consideration. However, the brief does not include any citations to the record, as required by the rules of appellate procedure. See WIS. STAT. RULE 809.19(1)(d) and (e) (2017-18).[1] Moreover, the brief fails to develop any coherent arguments that apply relevant legal authority to the facts of record, and instead relies largely upon conclusory assertions to demand relief.
¶7 A party must do more than "simply toss a bunch of concepts into the air with the hope that either the trial court or the opposing party will arrange them into viable and fact-supported legal theories." State v. Jackson , 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999). Consequently, this court need not consider arguments that are unsupported by adequate factual and legal citations or are otherwise undeveloped. See Grothe v. Valley Coatings, Inc. , 2000 WI App 240, ¶6, 239 Wis. 2d 406, 620 N.W.2d 463 (regarding unsupported arguments); and State v. Pettit , 71 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (regarding undeveloped arguments). While we will make some allowances for the failings of pro se briefs, "[w]e cannot serve as both advocate and judge," and will not scour the record to develop viable, fact-supported legal theories on the appellant's behalf. Pettit , 171 Wis. 2d at 647 ; see also Jackson , 229 Wis. 2d at 337.
¶8 Although we could reject Foster's claims based solely upon the deficiencies of her brief, we will briefly address two additional reasons why she has not established a right to the relief she seeks.
¶9 First, Foster has failed to provide a transcript of the trial. It is the appellant's responsibility to provide this court with an adequate record for review. See Fiumefreddo v. McLean , 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993). In the absence of a complete record, we will assume "that every fact essential to sustain the trial court's decision is supported by the record." Fischer v. Wisconsin Patients Comp. Fund , 2002 WI App 192, ¶6 n.4, 256 Wis. 2d 848, 650 N.W.2d 75. Here, for instance, we will assume there was evidence from which the circuit court could properly determine that the wooded area on the tax parcel also qualified as "agricultural" land.
¶10 Second, Foster's arguments on appeal rely heavily on extrinsic evidence about what land she intended to sell. Aside from the fact that most of this evidence is outside of the appellate record due to the lack of a transcript, we do not examine extrinsic evidence to determine the meaning of a contract when the contract's terms are unambiguous. Goldstein v. Lindner , 2002 WI App 122, ¶12, 254 Wis. 2d 673, 648 N.W.2d 892. Here, we are satisfied that the offer to purchase unambiguously referred to ten acres of land within an identified land parcel. We see no basis to set aside the circuit court's interpretation of the contract, or its order for specific performance.
¶11 Any additional arguments that we do not explicitly address are deemed denied. See Libertarian Party of Wisconsin v. State , 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) (an appellate court need not discuss arguments that lack "sufficient merit to warrant individual attention").
By the Court .-Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.