**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**September 26, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP602**

Cir. Ct. No. **2018SC1171**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

---

SAMUEL M. POLHAMUS,

   PLAINTIFF-APPELLANT,

V.

MICHAEL J. GEIER AND SHELLEY BOHL, CLERK OF MONROE COUNTY, WI,

   DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Monroe County: STACY A. SMITH, Judge. *Affirmed*.

¶1   KLOPPENBURG, J.[1]   Samuel Polhamus, acting pro se, appeals a circuit court order dismissing his small claims complaint seeking reimbursement

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

of the cost of retrieving his vehicle after it was towed and impounded. For the reasons stated, I affirm.

## BACKGROUND

¶2 Polhamus was arrested for certain drug-related offenses following a traffic stop on a state highway in Monroe County at approximately 3:00 a.m. on July 14, 2018. After the arrest, Monroe County Deputy Michael Geier ordered that Polhamus' vehicle be towed and placed in an impoundment lot. Polhamus filed this small claims action alleging that Geier "had the vehicle towed with no legal authority" and seeking reimbursement of "the cost to remove his vehicle from the tow company's impound." The circuit court granted Geier's motion for summary judgment and dismissed the action.[2]

## DISCUSSION

¶3 This court reviews the circuit court's grant of summary judgment de novo, applying the same methodology as the circuit court. *Ewer v. Lake Arrowhead Ass'n*, 2012 WI App 64, ¶12, 342 Wis. 2d 194, 817 N.W.2d 465. Summary judgment is appropriate if "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶4 The gravamen of Polhamus' argument appears to be that Geier acted unlawfully when Geier ordered that Polhamus' vehicle be towed and placed in an

---

[2] In his complaint and his briefing, Polhamus makes no allegations or arguments relating to the Clerk of Monroe County. Accordingly, for ease of reading I refer to the defendants-respondents, and to Geier individually, as Geier.

impoundment lot after arresting Polhamus for drug offenses. However, Polhamus fails to explain how Geier's order was unlawful. Accordingly, I reject Polhamus' argument on that basis. Moreover, Polhamus fails to file a reply brief responding to Geier's arguments why Geier acted lawfully when he ordered that Polhamus' vehicle be towed and placed in an impoundment lot.[3] Thus, I also deem Polhamus' failure to reply as a concession that Geier's arguments are correct. *See Fischer v. Wisconsin Patients Comp. Fund*, 2002 WI App 192, ¶1 n.1, 256 Wis. 2d 848, 650 N.W.2d 75 ("An argument asserted by a respondent on appeal and not disputed by the appellant in the reply brief is taken as admitted.").

¶5 I observe that most of Polhamus' brief comprises assertions that Geier proceeded unlawfully in executing the stop and search of Polhamus' vehicle before Geier ordered the towing. From these assertions, it appears that Polhamus may be arguing that his allegedly unlawful arrest rendered the towing and impoundment order also unlawful. However, Polhamus fails to support his assertions with citations to the record or to controlling legal authority. Consequently, as I explain, I do not consider those assertions further.[4]

¶6 Appropriate record citations are required by WIS. STAT. RULE 809.19(1)(d)-(e). This rule applies even to a pro se litigant. *See Waushara Cty. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) ("*Pro se* appellants must satisfy all procedural requirements, unless those requirements are waived by the

---

[3] Geier cites an unpublished per curiam opinion of this court in violation of WIS. STAT. RULE 809.23(3). Future violations of the Rules of Appellate Procedure may result in sanctions. *See* WIS. STAT. RULE 809.83(2).

[4] Because Polhamus' assertions that Geier acted unlawfully fail, I do not address the immunity issues raised in the parties' briefing.

court."). This court has no duty to scour the record to review arguments unaccompanied by adequate record citation, ***Roy v. St. Lukes Med. Ctr.***, 2007 WI App 218, ¶10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256, and may "choose not to consider … arguments that lack proper citations to the record." ***State v. McMorris***, 2007 WI App 231, ¶30, 306 Wis. 2d 79, 742 N.W.2d 322. So here, I do not consider Polhamus' assertions that are unsupported by citations to the record.

¶7 As for Polhamus' legal citations, he first cites to this court's certification of an appeal in ***State v. Brown***, No. 2017AP774-CR, 2018 WL 8188436 (Wis. Ct. App. Nov. 21, 2018). However, the Wisconsin Supreme Court denied the certification petition, and Polhamus does not cite to this court's subsequent opinion in which we ruled that the officer's request that the defendant exit the car and consent to a frisk did not improperly extend the stop in violation of the Fourth Amendment. ***State v. Brown***, 2019 WI App 34, ¶¶ 16-17, 388 Wis. 2d 161, 931 N.W.2d 890. Polhamus next refers to the Wisconsin Supreme Court's granting of the petition for review in ***State v. Wright***, but does not cite to the Court's subsequent opinion in that case, in which it ruled that the officer's concealed weapon permit check did not improperly extend the stop in violation of the Fourth Amendment. ***State v. Wright***, 2019 WI 45, ¶49, 386 Wis. 2d 495, 926 N.W.2d 157. Accordingly, I also decline to address whatever arguments Polhamus means to make based on his failure to cite supporting legal authority. *See **Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("Arguments unsupported by legal authority will not be considered, and we will not abandon our neutrality to develop arguments.").

4

¶8      To the extent that Polhamus may intend to make other arguments that I do not directly address, I reject them on the grounds that they are inadequately briefed, *see* **State v. Pettit**, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (the court of appeals need not address the merits of inadequately developed arguments that do not conform to rules of appellate procedure), and lack discernable potential merit.

## CONCLUSION

¶9      For the reasons stated, I affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.