COURT OF APPEALS
DECISION
DATED AND FILED

January 27, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     2023AP2151

STATE OF WISCONSIN

Cir. Ct. No.  2022CV118

IN COURT OF APPEALS
DISTRICT III

JEAN PARKER A/K/A JEANNE PARKER,

   PLAINTIFF-APPELLANT-CROSS-RESPONDENT,

 V.

SCOTT HUNTRESS,

   DEFENDANT-RESPONDENT-CROSS-APPELLANT.

           APPEAL and CROSS-APPEAL from a judgment and an order of the circuit court for Pierce County: ELIZABETH L. ROHL, Judge. *Affirmed*.

           Before Stark, P.J., Hruz, and Gill, JJ.

           **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

           ¶1      PER CURIAM. Jean Parker, pro se, appeals from a judgment denying her claims for damages against Scott Huntress and awarding Huntress

$13,799.40 in damages on a counterclaim that Huntress filed against Parker.[1] Huntress, by counsel, cross-appeals from an order denying his motion for an award of $54,646.96 in exemplary damages and $13,698.74 in attorney fees and costs. We affirm both the judgment and the order.

## BACKGROUND

¶2 Parker filed suit seeking damages against Huntress on claims of civil theft, conversion, unjust enrichment, and illegal and constructive unlawful eviction. Huntress filed a counterclaim against Parker seeking damages on claims of "civil theft/conversion", property damage, and unjust enrichment. Following a bench trial, the circuit court made the following findings.

¶3 The parties were involved in a long-term romantic relationship that ended in early 2022. During the relationship, Parker sold her home and moved some of her belongings into storage and other belongings into two residences owned by Huntress—including a house in Spring Valley and a cabin in Barnes. After the relationship ended, Parker rented an apartment and began moving her belongings out of Huntress's properties. In June 2022, Huntress changed the locks on the Spring Valley house, preventing Parker from entering the property.

¶4 Although each party asserted that the other party had possession of various items of the party's property, Parker provided no credible evidence to establish that any of her property was, in fact, in Huntress's possession, while Huntress provided no credible evidence that Parker had removed any of

---

[1] We note that Parker's brief fails to comply with multiple rules of appellate procedure. In light of her pro se status, we have chosen to excuse those deficiencies and address the merits of the issues she raises on appeal.

Huntress's property when she moved out. However, the circuit court found that Huntress did place eleven "summer items" worth a total of $13,599.41 in a storage unit to which Parker had the only key and that Parker intentionally retained and never returned those items to Huntress.

¶5 The circuit court rejected as incredible Parker's claims that Huntress had damaged any property belonging to Parker. However, the court found that Parker had damaged a pair of Huntress's headphones worth $199.99.

¶6 Next, the circuit court found that Parker had purchased various appliances for Huntress's house and cabin. However, the court found that Huntress had reimbursed Parker by check for those appliances. The court rejected as incredible Huntress's claim that Home Depot had both replaced and refunded the purchase price of some appliances that arrived damaged. As for additional expenditures that Parker made for improvements to a deck and dock on Huntress's property, the court found that there was an understanding between the parties that Huntress's children would be the beneficiaries of those improvements because they would eventually receive the proceeds of the sale of the property.

¶7 Both parties claimed unjust enrichment with regard to an engagement ring that had been jointly purchased with the trade-in value of a ring previously owned by Parker and additional cash supplied by Huntress. The circuit court found neither party had provided sufficient evidence to support their claim that the other party had possession of the ring.

¶8      The circuit court found that if Parker was ever a "tenant" within the meaning of WIS. STAT. § 704.01 (2023-24),[2] she was no longer a tenant by the time Huntress changed the locks.  Accordingly, it denied her eviction claim.

¶9      The circuit court awarded Huntress $13,799.40 in damages for the summer items and headphones, and it denied all other claims and counterclaims.  Huntress submitted a proposed order seeking a judgment of $54,646.96, which included a request for $40,798.23 in exemplary damages (three times the amount of actual damages) and $13,698.74 in attorney fees.  The court denied Huntress's request for exemplary damages and attorney fees, and both parties appeal.

## DISCUSSION

¶10     Parker identifies four primary issues on appeal.  She claims: (1) there was insufficient evidence to support the award of damages on Huntress's counterclaim; (2) it was "unjust" for the circuit court to deny all of Parker's claims; (3) the court failed to specifically address all of Parker's claims; and (4) the award of damages for the headphones was precluded by the Double Jeopardy Clause of the United States Constitution.  Parker's first three claims all fail for the same two reasons.

¶11     First, it is the appellant's responsibility to provide this court with an adequate record to review.  *See Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993).  In the absence of a complete record, we will assume "that every fact essential to sustain the [circuit] court's decision is supported by the record."  *Fischer v. Wisconsin Patients Comp. Fund*, 2002 WI App 192,

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

4

¶6 n.4, 256 Wis. 2d 848, 650 N.W.2d 75. Here, Parker has failed to arrange for the transcript of the trial to be produced and included in the appellate record. We therefore have no way to review any claims related to the sufficiency of the evidence or how well developed any particular claim for damages was.

¶12 Second, because the circuit court is in the best position to observe witness demeanor and gauge the persuasiveness of testimony, it is the "ultimate arbiter" for credibility determinations when acting as a factfinder, and we will defer to its resolution of discrepancies or disputes in the testimony and its determinations of what weight to give to particular testimony or other evidence. *Johnson v. Merta*, 95 Wis. 2d 141, 151-52, 289 N.W.2d 813 (1980); *see also* WIS. STAT. § 805.17(2) (stating that "due regard shall be given to the opportunity of the [circuit] court to judge the credibility of the witnesses.") Therefore, even if Parker had provided us with a trial transcript, we would not overturn any of the findings the circuit court made based upon its credibility determinations or its weighing of the quality of the evidence.

¶13 As to Parker's Double Jeopardy Clause claim, it has no application in a civil suit. The Fifth Amendment of the United States Constitution provides that no person "shall be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V; *see also* WIS. CONST. art. I, § 8(1). Thus, the Double Jeopardy Clause provides protections only in criminal cases.

¶14 Turning to the cross-appeal, Huntress claims that the circuit court erred, as a matter of law, by refusing to award him litigation costs and exemplary damages pursuant to WIS. STAT. § 895.446(3)(b) and (c). That statute provides that a litigant who prevails on a claim for property damage or loss caused by intentional conduct *may* recover both the costs of investigation and litigation that

were reasonably incurred, including the value of the time spent by any employee or agent of the victim, and exemplary damages. Sec. 895.446(3)(b), (c).

¶15 Here, Huntress first fails to acknowledge that the reason the circuit court denied Huntress's claim for attorney fees and other costs was because there were multiple claims tried between the parties beyond the property loss counterclaim upon which Huntress prevailed. Given its view of the entire litigation between the parties, the court could properly determine that the amount of costs being requested was not "reasonably incurred" in relation to Huntress's claim under WIS. STAT. § 895.446.

¶16 In addition, Huntress fails to acknowledge that it is entirely within the discretion of the trier of fact whether to award exemplary damages and, if so, in what amount. *See Estate of Miller v. Storey*, 2017 WI 99, ¶69, 378 Wis. 2d 358, 903 N.W.2d 759. The circuit court's explanation that it declined to award exemplary damages here because there was no evidence that Parker profited from selling the items Huntress left in her storage unit, or that the items were of any particular sentimental value, demonstrated a reasonable exercise of its discretion.

¶17 No costs are awarded to either party.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

6